IN THE SUPERIOR COURT OF GUAM

GOVERNMENT OF GUAM,                 )         CIVIL CASE NO. CV1378-10

                   )

           Plaintiff,    )

                   )          **DECISION AND ORDER**

           vs.            )

                   )

EVELYN O'KEEFE, on behalf of the heirs of  )

the J.M. Torees Estate,             )

               Defendants.   )

This matter was heard on the 12th day of October, 2012, before the HONORABLE SENIOR PRO TEMPORE JUDGE ELIZABETH BARRETT-ANDERSON on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendant appeared and was represented by Atty. Joseph C. Razzano. Plaintiff appeared and was represented Assistant Attorney General William Bischoff. Having considered the oral arguments and briefs, the Court issues the following decision and order.

## I. FACTUAL & PROCEDUAL BACKGROUND

On August 16, 2010, Plaintiff came before the Court seeking to Cancel a Notice of Renewal recorded at the Department of Land Management under Instrument No. 807758. Defendant Answered on September 17, 2010. The lease renewal expired on April 30, 2011. On April 24, 2012, Defendant filed this motion to Dismiss for Lack of Subject Matter Jurisdiction on the grounds that the lease expiration now causes Government's cancellation effort to be moot. The Government filed its opposition on July 25, 2012. Defendant replied on October 5, 2012.

/     /     /

## II. DISCUSSION

Subject matter jurisdiction is a threshold matter that may be considered by the Court at any time during its consideration of a case. The Supreme Court of Guam has acknowledged that "jurisdictional issues may be raised at any time,[1]", and subject matter jurisdiction may be raised at any stage of the proceedings.[2]

"Standing is a threshold jurisdictional matter,' so much so, that a Court lacks "subject matter jurisdiction to hear a claim when a party lacks standing.[3]" "A party acquires standing either by suffering an injury in fact *or* as the beneficiary of express statutory authority granting standing.[4]" Rule 8(a) of the Guam Rules of Civil Procedure requires that a party's complaint must contain two elements: "a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which the pleader seeks.[5]"

In order for a matter to come before the court, there must be "live case in controversy.[6]" Yet, "a controversy is not moot, however, when the case 'presents issues capable of repetition yet evading review.[7]'". Mootness may be challenged when "(1) the challenged action is too short in duration to allow full litigation before it cease, and (2) there is a reasonable expectation that the plaintiffs will again be subject to the same action.[8]"

Defendant argues that "because the lease renewal expired on April 30, 2012, the Government's cancellation effort is moot, and as such, the Court lacks jurisdiction to proceed on the matter." The lease terminated eight (8) months after the Government filed its action. Furthermore, it is likely that a similar action will result because the issue of renewability of

---

[1] Pacific Rock Corp. v. Department of Educ., 2001 Guam 21 ¶ 18
[2] Cho v. Fujita Kanko Guam, Inc., 2009 Guam 21 ¶ 36 (citing Taitano v. Lujan, 2005 Guam 26 ¶ 15). See also *Freytag v. C.I.R.,* 501 U.S. 868, 896 (1991)(Scalia, J., concurring).
[3] " Benavente v. Taitano, 2006 Guam 15 ¶ 14 (quoting Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth., 2004 Guam 15 ¶ 17).
[4] Id. at ¶ 18.
[5] GRCP Rule 8 (a) (2012).
[6] *Kremens v. Bartley,* 431 U.S. 119, 128 (1977).
[7] *Guam Election Commission v. Responsible Choices for All Adults Coalition,* 2007 Guam 21 ¶31
[8] *Id.*

these leases is contested.[9] The Court is persuaded that the issue of renewability is an issue capable of repetition escaping review.

## III. CONCLUSION

For all the reasons stated herein, the Court hereby **DENIES** Defendant's Motion to Dismiss for Subject Matter jurisdiction as this matter as to whether or not GALC had the authority to terminate the lease is capable of repetition.

**SCHEDULING CONFERENCE is set for** ___FEB 06 2013___ **at** __3:30__ **p.m.**

**IT IS SO ORDERED** __11__ day of January 2013.


_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Senior Judge Pro Tempore, Superior Court of Guam

---

[9] The government argues these leases are at will, while Defendant argues that such leases may only be terminate for "reasonable cause" and that this reasonable cause provision precludes the government from terminating the lease. Further, they argue that since ALC assigned any right it had to GEDA and thus, only GEDA can exercise termination of said leases. Defendant's Trial Brief filed March 27, 2012.